TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00518-CR

Robert Cummings, Jr., Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT

NO. 93-515-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING

PER CURIAM

 A jury found appellant guilty of delivering cocaine and assessed punishment at
imprisonment for thirty years. Appellant's court-appointed attorney filed a brief concluding that
the appeal is frivolous and without merit. The brief meets the requirements of Anders v.
California, 386 U.S. 738 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. See also Penson v. Ohio, 488
U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 
S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).

 Appellant has filed a pro se brief, in which he raises as his first, third, and fourth
points of error what he contends were improper jury arguments by the prosecutor at both stages
of trial. There were no objections to these arguments. Any error was waived. Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Pro se points of error one, three, and four are
overruled.

 Appellant contends in pro se point of error two that the district court erred by
overruling appellant's objection to the prosecutor's comment on appellant's failure to testify. 
Appellant refers to the prosecutor's remarks during jury selection regarding appellant's right to
remain silent. There was no objection on the ground alleged by appellant. Defense counsel did
object to the prosecutor speculating that a defendant might not testify because "there just may be
things they don't want you to know that they would have to answer." Although the objection was
overruled, the prosecutor then advised the panel that they were not to consider the defendant's
silence as evidence of guilt. In its charge, the court also instructed the jury not to consider
appellant's silence as evidence of guilt. No reversible error is presented. Pro se point of error
two is overruled.

 Finally, appellant asserts that the errors discussed above had a "synergistic effect"
on the jury. There is no evidence of such an effect. Pro se point of error five is overruled.

 The judgment of conviction is affirmed.

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: March 20, 1997

Do Not Publish